# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

## CIVIL ACTION NO. 3:13-CV-753-H

DEBRA L. HENNING                                                                      PLAINTIFF

V.

CAROLYN COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY                DEFENDANT

## **FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION**

The plaintiff, Debra L. Henning, filed this action pursuant to 42 U.S.C. §405(g), seeking judicial review of an administrative decision of the Commissioner of Social Security, who denied her application for disability insurance. At issue is whether the administrative law judge erred when she determined that Ms. Henning retained the residual functional capacity to perform her past relevant work.

After reviewing the parties' fact and law summaries (docket nos. 11 and 13) and the administrative record (docket no. 10), the magistrate judge concludes that the ALJ erred as a matter of law, and recommends that the district court grant reverse the Commissioner's decision and remand this matter pursuant to 42 U.S.C. §405(g) for further proceedings consistent with this opinion.

## I.     BACKGROUND

### A. Procedural History

Ms. Henning filed an application for disability insurance benefits in March 2011 and alleged she became disabled as of December 31, 2009, due to several distinct physical

impairments.[1] After her application was denied by the state agency, she requested a hearing with an administrative law judge (an "ALJ").[2]

Ms. Henning's request was granted and both she, and a vocational expert, testified at a hearing held on August 28, 2012.[3] The ALJ subsequently issued an opinion in which he determined that Ms. Henning did suffer from several severe impairments, but was capable of performing light work, with certain functional limitations, which would permit her to perform her past relevant work and, accordingly, she was not disabled.[4] The Appeals Council affirmed this decision, and Ms. Henning then timely appealed to this court.

### B. The Five-Step Evaluation Process

In reaching a determination regarding a claimant's disability, an ALJ is required to perform a five-step sequential evaluation process. If the ALJ is able to find that a claimant either is or is not disabled at a particular step, he must not go on to the next step. The five steps are as follows:

(1) At the first step, the ALJ consider the claimant's work activity, if any. If the claimant is engaged in substantial gainful activity, she is not disabled.

(2) At the second step, the ALJ consider the medical severity of the claimant's impairments. If there exists no severe medically determinable physical or mental impairment (or combination of impairments) that meets the duration requirement, the claimant is not disabled.

(3) At the third step, the ALJ also considers the medical severity of the claimant's impairments. If the claimant has an impairment that meets or equals one listed in 20 C.F.R. Pt. 404, Subpt. P, App 1, and meets the duration requirement, the ALJ must find that the claimant is disabled.

---

[1] Admin. R. at 153-161,184.
[2] Admin. R. at 113-120, 122-29, 142-43.
[3] Admin. R. at 48-84.
[4] Admin. R. at 23-42.

Before the ALJ goes from step three to step four, he must assess the claimant's residual functional capacity, which the ALJ then must use at both step four and step five when evaluating the claimant's alleged disability.

> (4) At the fourth step, the ALJ must consider her assessment of the claimant's residual functional capacity and her past relevant work. If the claimant can still do her past relevant work, the ALJ must find that she is not disabled.
>
> (5) At the fifth and last step, the ALJ must consider her assessment of the claimant's residual functional capacity and her age, education, and work experience to see if the claimant can make an adjustment to other work. A claimant who can make an adjustment to other work is not disabled, but one who cannot is disabled.

*See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ ended his analysis at the fourth step.

## II. FINDINGS OF FACT

Ms. Henning claims that she is disabled because she from a several ailments, ranging from degenerative disc disease, to Sjögren Syndrome[5] (an autoimmune disorder), Hyperaldosteronism[6] (the overproduction of aldosterone, a hormone that affects kidney function), hypothyroidism, bleeding ulcers, insomnia, and pain in her neck and back. Based on his own review of Ms. Henning's voluminous medical records, and as a predicate to determining that Ms. Henning retains the residual functional capacity to perform her past relevant work, the ALJ determined that she had the functional capacity to perform light work (*i.e.,* she can lift up to 20 pounds at a time, with frequent lifting or carrying of objects weighing up to 10 pounds; can endure a good deal of walking or standing, and sitting most of the time with some pushing and pulling of arm or leg controls[7]), with only occasional reaching overhead bilaterally and frequent,

---

[5] *See* http://www.merckmanuals.com/home/bone_joint_and_muscle_disorders/autoimmune_disorders_of_connective_tissue/sj%C3%B6gren_syndrome.html?qt=sjogren&alt=sh.

[6] *See* http://www.merckmanuals.com/home/hormonal_and_metabolic_disorders/adrenal_gland_disorders/hyperaldosteronism.html.

[7] *See* 20 C.F.R. § 404.1567(b).

3

but not constant, reaching using her left arm.[8] Although his review of Ms. Henning's medical treatment records was unusually detailed and extensive, the ALJ's conclusions are all premised on his own lay opinions regarding how those records translate into specific functional capacity limitations. There are no assessments of her physical functional capacity from her treating physicians, from consultative examiners, or from non-examining, record-reviewing consultants.[9]

### III. STANDARDS OF REVIEW

Although a district court may not try a Social Security appeal *de novo*, it need not affirm the conclusions of the Commissioner of Social Security if an administrative law judge failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405(g); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008).

### III. CONCLUSIONS OF LAW

Ms. Henning asserts that the ALJ's determination of her residual functional capacity and his assessment of whether she is capable of returning to her past relevant work is not supported by substantial evidence in the record. The magistrate judge agrees. The ALJ erred as a matter of law by determining Ms. Henning's physical functional capacity based only on his interpretation of Ms. Henning's treatment records in comparison to her claims and testimony.

During the sequential evaluation process, the ALJ must determine which of the claimant's impairments are severe, and the extent to which all of her impairments (including, the combined effect of both severe and non-severe impairments) translate into work-related capabilities or limitations. This is the residual functional capacity finding against which the claimant's ability to perform her or her past relevant work, or any other job existing in significant numbers locally or nationally, is evaluated.

---

[8] Admin. R. at 27-40.
[9] *See generally* Admin. R. at 263-639.

In this case, the ALJ determined Ms. Henning's physical functional capacity solely on his own interpretation of the clinical data in Ms. Henning's medical records, Ms. Henning's statements in her application, and Ms. Henning's testimony.[10] The ALJ did not avail himself of his regulatory ability to request an either an opinion from Ms. Henning's treating physician, or order a consultative physical examination. *See* 20 C.F.R. § 404.1545(a)(3).

Accordingly, there is no medical opinion testimony in the record that interprets the raw data contained in the treatment records. It is true that a claimant bears the burden of proof as to the existence and severity of the limitations caused by her impairments, *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).[11] But, it is also true that an ALJ has certain responsibilities to develop the medical record, too. 20 C.F.R. § 404.1545(a)(3) states that "we are responsible for developing your complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help you get the medical records from your medical sources." There is no evidence in the administrative record that this responsibility was met in this case.

Although courts differ regarding the limits of the extent of the ALJ's obligations to obtain opinion testimony given the claimant's ultimate burden of proof, it is undisputed that an ALJ's findings must have the support of substantial evidence in the administrative record. *See Jordan,* 548 F.3d at 422. And, as the Sixth Circuit has frequently observed in unpublished opinions, which are nevertheless consistent on the following particular point of law, that "[b]y independently reviewing and interpreting the laboratory reports the administrative law judge

---

[10] *See generally* Admin. R. at 15-18.
[11] The Commissioner directed the court's attention to *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 596 (6th Cir. 2005), as support for the argument that an absence of a functional limitations opinion by a claimant's treating physician constituted substantial evidence supporting the ALJ's finding of non-disability. That case is distinguishable from this case, however. In *Longworth,* there record contained opinion evidence to assist the ALJ. The issue was whether a state-agency consultant accurately identified the full extent of Ms. Longworth's functional limitations, not whether the lack of an opinion from a treating source absolved the ALJ of any obligation to obtain appropriate assistance in interpreting raw clinical data.

impermissibly substitute[s] her own judgment for that of a physician." *McCain v. Dir., Office of Workers Comp. Programs*, 58 F. App'x 184, 193 (6th Cir. 2003)(citing *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3rd Cir.1985)). As is often noted in opinions within the Western District of Kentucky, there must be some probative medical opinion evidence that supports an ALJ's residual functional capacity assessment, because "[c]ommon sense can mislead; lay intuitions about medical phenomena are often wrong." *Schmidt v. Sec'y of Health and Human Servs.,* 914 F.2d 117, 118 (7th Cir., 1990)(cited with approval in *McGuire v. Astrue*, 2011 WL 1399846 (W.D. Ky. 2011)( report and recommendation adopted, 2011 WL 1399638 (W.D. Ky. 2011)). The administrative law judge is simply not qualified to interpret raw clinical data and diagnoses in functional terms. *Cf. Higgs v. Sec'y of Health and Human Servs.,* 880 F.2d 860, 863 (6th Cir. 1988)("[T]he mere diagnosis of [an impairment], of course, says nothing about the severity of the condition.")(cited with approval in *Burke v. Astrue*, 2011 WL 7404388 (W.D. Ky. 2011) report and recommendation adopted, 2012 WL 566790 (W.D. Ky. 2012)).

After reviewing the treatment records in the file, the magistrate judge concludes that this is not one of the rare cases in which the medical evidence is so clear that an ALJ can use common sense to render a judgment about functional capacity.[12] Ms. Henning's impairments are many and varied, and some are not common; they often require diagnosis by specialists; and their resulting functional limitations are not intuitively obvious.

Under these circumstances, a remand is necessary for the ALJ to obtain and consider the necessary professional assistance in interpreting the medical records from either Ms. Henning's treating physicians or a consultative examiner.

---

[12] *See* generally Admin. R. at 263-639.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the final decision of the Commissioner is not supported by substantial evidence and does not comport with applicable law. The undersigned recommends that, pursuant to 42 U.S.C. § 405(g), this case be remanded to the Commissioner for further proceedings.

DATE:

cc:  counsel of record

### **NOTICE**

Within fourteen (14) days after being served a copy of these proposed findings of fact, conclusions of law, and recommendation, any party who wishes to object must file and serve written objections, or further appeal is waived.  28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).